**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL 1408, 1408–A and 1597, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, INDEPENDENT, and Dave Kennedy, Respondents.**

No. 17274.

United States Court of Appeals Fifth Circuit.

Dec. 9, 1958.

members ("men with cards") were to be given an absolute preference in hiring. Whether the Employer's representative (Reddick) took the action he did because of the Union's declaration, or whether Turner was hired and then fired on January 10 and denied employment on January 11, were all controverted issues of fact turning primarily on credibility. On a record of substantial evidence considered as a whole these determinations were for the Board, and there it ends. N. L. R. B. v. Ferguson, 5 Cir., 1958, 257 F.2d 88.

Enforced.

Rosanna A. Blake, Atty., Thomas J. McDermott, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Jerome D. Fenton, Gen. Counsel, Frederick U. Reel, Atty., N.L.R.B., Washington, D. C., for petitioner.

Noah H. Jenerette, Jr., Boyd, Jenerette & Leemis, Jacksonville, Fla., for respondents.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

PER CURIAM.

■■ The Board petitions for enforcement of its Order. By its decision reported at 119 N.L.R.B. No. 88, the Board determined that the respondent Union (Locals 1408, 1408–A and 1597, International Longshoremen's Association, Independent, and Dave Kennedy, their Agent, respondents) had violated Sections 8(b) (2) and (1) (A) of the Act, 29 U.S.C.A. § 158(b) (1) (A), (b) (2) by causing the Employer, Kaufman Shipping Company, to discriminate against Turner in employment as a longshoreman on the Jacksonville waterfront because he was not a member of the Union. There can be no question that Kennedy, the Business Agent, and one in a position authoritatively to bind the Union, categorically declared that Union